Day.
3d 252
68 204

CATHARINE WALES, Administratrix of Rev. SAMUEL WALES, *against* ANNA WETMORE, ROBERT W. WETMORE, and VICTORY WETMORE, Administrators of Rev. IZRAHIAH WETMORE.

If one receives money of another for a specific purpose, and fails to apply it, *assumpsit* will lie.

MOTION for a new trial.

This was an action of *assumpsit* counting upon a receipt of the defendants' intestate in the following words:

" *Milford, August* 21*st,* 1780.

"Received of Mr. *Samuel Wales* twenty-two pounds, seventeen shillings, lawful money, which I have laid out for land in the township of *Fairlee,* in company with captain *Robert Walker,* and captain *Joseph Walker,* and Mr. *David Judson* and myself, in a tract of twelve hundred acres of land, for which we gave two dollars *per* acre; and the said Mr. *Wales* is to have his proportion of land on a division, in proportion to the said sum of twenty-two pounds seventeen shillings, which he has advanced; as witness my hand.

*Izrahiah Wetmore.*"

The declaration negated the purchase of any lands by the defendants' intestate, and the repayment of the mo-

ney, and concluded with alleging an undertaking to re-
pay the money and interest.

The defendants pleaded the general issue; and, on the trial, objected to the plaintiff's evidence, on the ground, that it appeared by the receipt recited in the declaration, that Mr. *Wetmore* received the money from Mr. *Wales*, as his agent; and, therefore, the action ought to have been an action of account. But the court overruled the exception, and admitted the evidence; and in their charge to the jury, instructed them, that it was not necessary that the action should be account. The jury found for the plaintiff; whereupon the defendants moved for a new trial; which motion was reserved for the consideration of the nine judges.

*Ingersoll*, in support of the motion, insisted that, by the plaintiff's showing, Mr. *Wetmore* sustained the character of an agent; he was to purchase a distant tract of land, and transfer to Mr. *Wales* the part to which he should be entitled. This would be attended with trouble and expense, for which he might justly claim a compensation. In such case, *assumpsit* is an improper action; as it precludes the defendant from accounting on oath. *Collins* v. *Phelps*, lately decided in *Hartford* county,(a) and *Whitman* v. *Wadsworth*, 2 *Root*, 267. support this position.

*Daggett* and *Staples*, contra.

What was the object of this action? The repetition of money paid on a consideration which had failed. The form is appropriate; it is the one constantly used for this purpose.

(a) *Vide* Appendix.

Account is never permitted, except where the defendant ought to be allowed to substantiate charges for disbursements and services, by his own oath. Mr. *Wetmore* was not entitled to any commissions; for he performed no services; he made no purchase, and conveyed no title.

Here was no promise to account. The undertaking, on the part of Mr. *Wetmore*, was of a different nature. Suppose the action had been account; and Mr. *Wetmore* had proved, that he had purchased the land according to the writing, and tendered to Mr. *Wales* a deed of his proportion. This would be a good defence; and yet it could not be shown under any plea to an action of account. This shows conclusively, that account is not adapted to the nature of the case.

In *Wetmore* v. *Woodbridge*, *Kirby*, 164. there was a promise to account, which was found by the jury; and yet the court held, that the plaintiff had his election to bring *assumpsit* or account. The case cited goes much further than is necessary for us.

BY THE COURT, unanimously. The only question reserved in this case is, whether, upon the facts alleged in the declaration, an action of *assumpsit* could be maintained? Not, whether an action of account would lie?

In many cases, the plaintiff may have his election; and may seek redress, either by an action of *assumpsit*, or of account.

If one receives money of another for an express purpose, and fails to apply it, *assumpsit* will lie.

In this case, the money was received for a right in certain lands in the township of *Fairlee*, in *Vermont*,

which Mr. *Wetmore* claimed to have purchased previous to the date of the receipt; yet it is averred, that no land had been purchased by him, nor any title offered to Mr. *Wales.* It appears, that the consideration wholly failed.

If *assumpsit* would not lie, the defendants might have demurred to the declaration, as the receipt was spread upon the face of the record.

New trial not to be granted.