SENECA S. THRESHER *vs.* STONINGTON SAVINGS BANK.

Second Judicial District, Norwich, May Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

No special demand prior to suit is essential to the recovery of money received by the defendant of the plaintiff for an express purpose, and retained by the former after his repudiation of the terms upon which it was paid.

Such recovery, although enforceable in an action at law, may also be enforced in equity, if the case is one over which chancery has rightfully assumed jurisdiction.

Where a party tries his own cause and testifies in his own behalf, it is impracticable to require him to give his testimony only in response to questions.

The wholesome rule of professional etiquette which holds the positions of trial lawyer and material witness to be incompatible, applies to a case where a practicing attorney is his own client; and the breach of this rule should be discountenanced by the bench and bar.

A judgment responding to the issues joined and supported by the facts proved, is valid, although the manner of reaching the correct result might be questioned.

[Argued May 27th—decided June 25th, 1896.]

SUIT to enforce the specific performance of a contract relating to real estate, and for damages; brought to the Court of Common Pleas in New London County and tried to the court, *Lucius Brown, Acting Judge;* facts found and judg-

ment rendered in favor of the plaintiff for damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The allegations of the complaint were as follows: " 1. On May 16th, 1893, the plaintiff paid to the defendant $583.10 in consideration that the defendant should convey to the plaintiff the following described tract of land, the title to which had become vested in the defendant by decree of the Court of Common Pleas for the county of New London, to wit (describing the premises): containing half an acre of land with a one-story dwelling house and other buildings thereon standing. 2. In consideration of the receipt of said $583.10 from the plaintiff, the defendant agreed to sell and convey to the plaintiff the tract of land described in paragraph one of this complaint. 3. Said agreement was in writing, was signed by the defendant's agent, and is as follows: THE STONINGTON SAVINGS BANK, STONINGTON, Conn., May 16, 1893. Rec'd of S. S. Thresher $583.10 in full for all claim we have against the estate of Elias F. Wilcox, Stephen R. Wilcox, or Margaret F. Wilcox, being the estate upon which we have held a mortgage and upon which we have recently obtained a decree of foreclosure in the Court of Common Pleas. Said estate is situated in the town of Stonington; and in consideration of said sum, so received, we are to give the said Thresher a quit claim deed of said premises. GEO. H. ROBINSON, *Asst. Treas.* 4. On May 22d, 1893, the defendant having neglected to fulfill its said agreement, the plaintiff made demand of the defendant that it should give to him a quit claim deed of said land; but the defendant refused, and it has ever since neglected and refused, to give the plaintiff any deed of said premises, though still retaining said $583.10 so paid by the plaintiff and received by the defendant as stated in each of the foregoing paragraphs of this complaint. The plaintiff claims: 1. A decree for a conveyance, or that the title be otherwise vested in him. 2. Such other relief as to justice and equity appertains. 3. $1,000, damages."

The answer contained a general denial and the following

special defenses: 1. George H. Robinson, who received the money and signed the written agreement as assistant treasurer of the defendant, had no authority to make the contract alleged. 2. The defendant had no title to the land. 3. The money paid by the plaintiff was received by said Robinson personally. 4. The defendant's treasurer notified the plaintiff that the money would not be received by the bank except on the plaintiff's order, and would be at his disposal at all proper business hours.

These special defenses were not denied, but the reply alleged that the defendant was estopped from setting up any of the matters set forth by him, because " the defendant has received and retained and still does retain the consideration, to wit, the $583.10 paid by the plaintiff as alleged in his complaint." There was a special demurrer to the reply, which was overruled, and no exception was taken to that ruling. The defendant did not deny the allegations of the reply. The judgment rendered finds the issues for the plaintiff, and that he recover of the defendant $676.39 (being the amount received by the defendant with interest), and his costs, and denied the claim for specific performance.

The trial court made a finding which recites in detail a number of the facts and circumstances proved by the testimony, sufficient to support the finding in the judgment of all the issues for the plaintiff, but does not directly specify the particular facts on which the judgment is founded ; although finding no ground for the specific performance claimed, and the value of the land to be the exact amount paid by the plaintiff. It appears by the finding that the defendant excepted to sundry rulings on questions of evidence, including the admission of certain exhibits ; and also claimed as matter of law " that said Robinson, without express authority to sign the writing, could not bind the defendant; that the defendant under the circumstances was not estopped to deny his authority to bind the defendant by such writing, and that the plaintiff could not recover his money paid without first demanding it of the defendant." These claims the court overruled.

The reasons of appeal, besides errors claimed in rulings on evidence, assign error in the overruling of the plaintiff's claims of law, as follows: "1. The court erred in ruling that the defendant was estopped from denying its liability for the act of Robinson, in signing 'Exhibit C' (the writing set up in the complaint). 2. The court erred in giving judgment for the money deposited, with interest, without any proper allegation, and without any demand for the return of his money."

*Hadlai A. Hull* and *William F. M. Rogers*, for the appellant (defendant).

*Seneca S. Thresher*, for the appellee (plaintiff).

HAMERSLEY, J. If one receives money of another for an express purpose, and fails to apply it, the amount so received with interest can be recovered. *Wales* v. *Wetmore*, 3 Day, 252. And it is a general rule that if any one having received the money of another, retains it without any right conscientiously to do so, such retention is a violation of his duty towards the owner, who may at any time after such breach of duty recover the sum retained with interest; *Selleck* v. *French*, 1 Conn. 32; *Mason* v. *Waite*, 17 Mass. 558, 562; and in such case where there is either a precedent debt or duty, a special demand is not necessary. *Lyon* v. *Annable*, 4 Conn. 350, 355. The right to recover springs from a principle peculiar rather to equity than to law; *Northrop* v. *Graves*, 19 Conn. 548, 555; *Goddard* v. *Town of Seymour*, 30 id. 394, 401; and the Practice Act, in abolishing the fiction which supported the usual action at law for its enforcement, and providing in all civil actions one form for the statement of facts necessary to support a plaintiff's claims, legal or equitable, certainly emphasizes the equitable character of the right. But though enforceable by remedy at law, the right may also be enforced in equity in a case where equity has rightfully assumed jurisdiction. *Downes* v. *Bristol*, 41 Conn. 274. And under the new procedure, facts from which both

legal and equitable relief is sought may be presented in one complaint, and in a proper case by a single count. *Trowbridge* v. *True*, 52 Conn. 190, 197 ; *Butler* v. *Barnes*, 60 id. 170, 190.

Applying these principles to the case in hand, the reasons of appeal assign no error sufficient to set aside the judgment. The complaint alleges a single transaction in which the plaintiff's money, paid for the specific purpose of being applied to the purchase of the defendant's interest in land, was received by the defendant charged with this trust, and upon demand for a conveyance of that interest the defendant refused to convey, and retained the money. Each material fact alleged by the plaintiff was put in issue by the general denial, and the claims for relief covered each remedy to which the proof might entitle the plaintiff. No objection appears to have been taken by demurrer, or otherwise, to the form of stating the transaction, or the prayer for relief, and no question of this kind, or whether a money judgment would be by way of legal or equitable relief, was raised. The trial court has found the facts alleged to be true. If the court erred in holding that the defendant was estopped from denying a valid agreement on its part to convey, it fairly appears from the finding that the court was satisfied by the evidence, independently of the agent's authority in respect to the sale of land, that the defendant in fact received the plaintiff's money, charged with the trust stated, and retained it after its refusal to apply it to the purpose for which it was paid; these facts being found, the judgment for the amount so detained with interest, is valid.

The defendant suggested in argument that in the finding the court gave a wrong reason for its judgment; it may be doubtful whether the finding can be so construed, but a judgment responding to the issues joined and supported by the facts proved should stand, although the manner of reaching the right result might be questioned. *Supples* v. *Cannon*, 44 Conn. 424, 431. Very possibly some doubtful questions might have been raised in the court below in respect to the form of the pleadings and trial of the issues ; but such ques-

tions were not raised. The appeal before us shows much looseness in framing the issues, in the conduct of the trial and the finding of the court; but it very clearly shows that substantial justice has been done by the judgment. We should not set aside such a judgment unless the errors claimed in argument are fatal, and relate to questions of law that clearly appear to have been raised and decided upon the trial.

The defendant's objections to the exhibits produced in evidence were groundless; and we incline to think there was no material error in any of the rulings of the trial court on the admission of testimony; certainly there was none that injured the defendant in view of the denial of specific performance, and the finding that the sum paid by the plaintiff· represented the precise value of the land in question.

One ruling relates to a matter of practical interest, and is the only one which calls for comment. The plaintiff had no attorney and tried his own case; when he took the stand as a witness, the defendant objected to his testifying except in answer to questions to which the defendant might object; and the court overruled the objection. A party to an action has a right to appear in court and try his own cause; he has also a right to appear as witness in his own behalf, and notwithstanding the inconvenience and irregularity involved in the examination as witness of a party to the action who is his own lawyer, the court cannot refuse to receive such testimony. In this case however, the party to the suit was also a practicing attorney at law; and the wholesome rule of professional etiquette which holds the positions of trial lawyer and material witness to be incompatible, applies as well, perhaps more strongly, to a case where the trial lawyer is his own client. The violation of this rule is, unfortunately, not without precedent, but it should be discountenanced by court and bar.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.