GEORGE L. KAESER *vs.* HOWARD J. BLOOMER.

First Judicial District, Hartford, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A party to an action has a right to appear in court and try his own
case, and also to appear as witness in his own behalf.

There is no law which forbids a lawyer from testifying in a case in which
he is acting as attorney, even when he is his own client, although
such procedure is to be discountenanced as a breach of the rules
of professional etiquette.

Argued January 3d—decided February 9th, 1912.

ACTION to recover for repairs to an automobile, brought to the court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

*Percy S. Bryant,* for the appellant (defendant).

*Sidney E. Clarke,* for the appellee (plaintiff).

HALL, C. J.    These facts were found by the trial court: "For a long time prior to the commencement of this action, and ever since said commencement, the defendant has been an attorney at law, of good repute, and as such attorney has conducted cases in the courts of Hartford County.    On February 23, 1910, the de-

fendant caused his appearance to be entered as attorney for himself in this action in this court. Thereafter the defendant, as his own attorney, filed necessary motions and pleadings in said action until an issue therein was closed to the jury. Percy S. Bryant, an attorney at law, before trial acted in behalf of the defendant, as attorney, in consenting to the filing of certain papers by the plaintiff, and on the trial was present as attorney for the defendant, and conducted the case for the defendant until the plaintiff had closed his evidence in chief and had rested his case. The plaintiff having rested his case as aforesaid, the defendant, acting as his own attorney, called one Hale as a witness for the defendant. The defendant, acting as his own attorney, conducted an extensive and material examination of said witness, so called by him, and continued to act in his own behalf as attorney during an extended cross-examination and until said witness finished his evidence and left the stand. Thereupon the defendant offered himself as a witness and took the witness-stand."

Counsel for plaintiff objected to the defendant testifying as a witness, upon the ground that having, as an attorney, participated in the trial of his case, he should not be permitted to also testify as a witness in the same case. The trial court sustained the objection, and ruled that the defendant, having "acted as attorney," his evidence would not be received as a witness. The defendant's exception to this ruling presents the only question raised by the appeal.

The ruling of the trial court was clearly erroneous. It was evidently based upon a misapprehension of the language of this court in the case of *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 206, 36 Atl. 38. In that case the plaintiff was an attorney at law, and tried his own case without the aid of other counsel. When

Kaeser *v.* Bloomer.

he took the stand as a witness, the defendant objected to his testifying "except in answer to questions to which the defendant might object." The trial court overruled this objection, and that ruling was a subject of review in the appeal to this court. We sustained the ruling of the trial court, saying that "a party to an action has a right to appear in court and try his own cause; he has also a right to appear as witness in his own behalf."

In the opinion JUSTICE HAMERSLEY adds that "the wholesome rule of professional etiquette which holds the positions of trial lawyer and material witness to be incompatible, applies as well, perhaps more strongly, to a case where the trial lawyer is his own client. The violation of this rule is, unfortunately, not without precedent, but it should be discountenanced by court and bar."

The interest which one may have "as a party or otherwise" in the event of a suit does not in this State disqualify him as a witness in such action. General Statutes, § 677.

We have no law, statute or otherwise, which positively forbids a lawyer from testifying as a witness in a case in which he is acting as an attorney. *Thresher* v. *Stonington Savings Bank*, 68 Conn. 201, 36 Atl. 38, does not hold otherwise. The rule, the violation of which the court in that case says should be discountenanced by the bench and bar, is one of professional etiquette, and not one of strict law. An offer by a lawyer to testify in a case which he is conducting may be a breach of the rules which should govern his conduct as an attorney, and still may not offend the legal rules of evidence. Assuming that the defendant's conduct in offering himself as a witness in the case before us was a violation of the rules of professional etiquette, he became amenable to reproof or punishment only as an attorney; and the fact that he had taken part in

the examination of a witness did not in law disqualify him from testifying in the case in which he was a party defendant.

There is error and a new trial is ordered.

In this opinion the other judges concurred.