VINCENT A. MILLER *vs.* JULIUS URBAN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 14th—decided November 3d, 1937.

*John F. McLinden,* for the appellant (defendant).

*William K. Lawlor,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that the defendant engaged the plaintiff as attorney to represent him in the collection of a claim for personal injuries sustained in an automobile accident, that by virtue of the efforts of the plaintiff and a suit brought by him

against Richard and Edward Finley a settlement was obtained from their insurer, and that the plaintiff thereby became entitled to compensation on the basis of an agreed contingent fee. The trial court found the issues raised by the denial of these allegations in favor of the plaintiff and rendered judgment for him to recover 25 per cent. of the amount received in settlement of the claim.

The finding is that in September, 1932, while Urban was confined to his home in Southbury, as a result of a conversation between him, his wife, and William Bercier, the plaintiff was taken to Southbury by Bercier and engaged by the defendant to take such action as was necessary to obtain a settlement of his claim against the Finleys, or secure a judgment therein, and that the defendant agreed that the plaintiff should receive a fee of 33⅓ per cent. of recovery if suit had to be brought and tried or 25 per cent. if settlement was obtained. It is found, further, that the plaintiff promptly and diligently investigated the facts pertaining to the claim, negotiated with the insurer for the Finleys, brought suit on April 18th, 1933, notified Urban by letter that he had done so and, receiving no reply, continued to work on the case until in June, 1935, he secured an agreement of settlement with the insurer, in accordance with which payment was made.

These facts are sufficient to constitute a contract of employment of the plaintiff by the defendant and such performance thereof as to entitle the plaintiff to compensation accordingly, notwithstanding further findings that in March, 1933, the defendant retained another attorney, unknown to the plaintiff until that attorney entered appearance in the action which the plaintiff had brought and claimed it for the jury list, and that the insurer's draft in settlement was made payable to Urban and that attorney, it being found,,

also, that the plaintiff was never discharged as attorney and that he continued to work on the case and his efforts brought about the final agreement of settlement with the insurer. As the evidence on the trial is not made part of the record, those assignments which attack findings as made without evidence are unavailing.

In the present action the same attorney who was retained in the former case after the employment of the plaintiff entered his appearance for the defendant, filed an answer, and was the only attorney of record until entry of judgment. The finding states that he was not present on the first day of the trial and it was conducted by another attorney having offices with and associated with him in the practice of law, but on the second day he was at the counsel table, conferred with his associate during the examination of witnesses, and took part in arguments to the court on points of law. Eventually he was called as a witness by his associate, for the declared purpose of proving that he acted as counsel for Urban in the Finley case, as to Miller's connection with it and that the work done by the latter was done without authority. The plaintiff objected to his testimony on the grounds that he was the only attorney of record for the defendant and had taken part in the trial up to the time when he took the witness stand. The objection was sustained and that ruling is assigned as error.

On occasions, happily infrequent, when the matter of acting in the dual capacity of counsel and witness has been before us we have emphatically discountenanced the practice. When counsel becomes a witness in behalf of his client in the same cause on a material matter, not of a merely formal nature such as the attestation or custody of an instrument and the like, and not in an emergency to avoid defeat of the ends of justice but having knowledge that he would be re-

quired to be a witness in time to relinquish the case to other counsel, he violates a highly important rule of professional conduct now formally expressed in the Code of Professional Ethics, § 21, Practice Book, p. 16. *Jennings Co., Inc.* v. *DiGenova,* 107 Conn. 491, 499, 141 Atl. 866; *Nanos* v. *Harrison,* 97 Conn. 529, 530, 117 Atl. 803; *Thresher* v. *Stonington Savings Bank,* 68 Conn. 201, 206, 36 Atl. 38; *French* v. *Waterbury,* 72 Conn. 435, 437, 44 Atl. 740. However, the great weight of authority in this country holds that the impropriety of an attorney so testifying is a matter of professional etiquette and not one of strict law, and that the admission of testimony under such circumstances is not reversible error. Reliance has been placed, instead, upon "the restraining influence of a professional education and of the opinion of the bar and bench, and the liability to discipline for persistent misconduct, as competent to suppress evils of this character." *French* v. *Waterbury,* supra, p. 437; *Kaeser* v. *Bloomer,* 85 Conn. 209, 211, 82 Atl. 112; note, 49 L. R. A. (N. S.) 422; *Jennings Co., Inc.* v. *DiGenova,* supra, p. 500; 28 R. C. L. 470; 70 C. J. p. 176. We have held in cases above cited that where an attorney has testified in a case in which he also appears as counsel the admission of that testimony does not constitute reversible error, and as recently as *Sengebush* v. *Edgerton* (1935) 120 Conn. 367, 370, 180 Atl. 694, that an attorney participating in the trial of a case is not thereby rendered legally incompetent to testify and if he offers to do so "the court could not treat him as disqualified, but the most it could do would be to remind him of the impropriety of his conduct."

Therefore, since the facts found appear to negative the existence of any unforeseen emergency necessitating the intervention of the attorney as a witness, and

disclose no offer on his part or behalf to retire and leave further conduct of the case entirely to his associate, the offer to testify was ethically improper, but the exclusion of the testimony, on that ground, was legally erroneous. If, as must be assumed for present purposes, the subject-matter and purport of the evidence would be as stated in the offer it might well be material to the determinative issues of the case and its exclusion may not be treated as harmless.

There is error and a new trial is ordered.

In this opinion the other judges concurred.