DANIEL V. PRESNICK *v.* RALPH ESPOSITO ET AL.
(4221)

RALPH ESPOSITO ET AL. *v.* DANIEL V. PRESNICK
(4399)

BORDEN, DALY and BIELUCH, Js.

Argued June 12—decision released August 5, 1986

*Daniel V. Presnick,* pro se, the appellant (plaintiff in the first case, defendant in the second case).

*James R. Smith,* for the appellees (defendants in the first case, plaintiffs in the second case).

BORDEN, J. These two appeals present the common issue of whether the trial court may preclude an attorney from representing only himself in litigation before the court. In each case, the court entered an order effectively barring the attorney from doing so. We find error in each appeal.

In the first case, Daniel V. Presnick, who is an attorney, sued Ralph and Rita Esposito for legal fees for services which he rendered to them in another case. Presnick did not sign the summons, but he entered a

pro se appearance and signed the complaint. The Espositos filed an answer, and also filed a counterclaim based on alleged malpractice by Presnick in his representation of them. In the second case, the Espositos brought a separate suit against Presnick based on essentially the same claim of malpractice as was alleged in their counterclaim. Presnick appeared pro se and filed an answer. The cases were consolidated by the trial court.

In both cases, the court, *Fracasse, J.,* sua sponte ordered Presnick to retain "outside counsel" to represent him. Thereafter, attorney David M. Presnick, who is the brother of Daniel V. Presnick, entered an appearance for Presnick in each case. David M. Presnick had the same office address and business telephone number as Daniel V. Presnick. The court concluded that David M. Presnick and Daniel V. Presnick were associated in the same law firm and, therefore, that Daniel V. Presnick had not complied with the court's order in each case.[1] Accordingly, the court, *Fracasse, J.,* rendered a judgment of nonsuit against Presnick in the first case and a default against him in the second case. The default was followed by a hearing in damages. The parties stipulated to a judgment of $700 against Presnick, subject, however, to Presnick's right to challenge the default judgment on appeal. These appeals followed.

Presnick argues that the trial court improperly barred him from representing himself in these cases by ordering him to retain other counsel. We agree.

We do not believe that there is any current basis in our law for the proposition that an attorney who seeks to represent only himself in litigation may not be per-

---

[1] Presnick claims on appeal that the court reached the conclusion that David M. Presnick and he were associated in the same law firm without a hearing and without any basis. In view of our disposition of these appeals, we need not reach that issue.

mitted to proceed pro se. The ethical rules and the authorities on which the trial court relied, and on which the Espositos rely in this court, are inapplicable.[2]

Disciplinary Rules 5-101 and 5-102[3] of the Code of Professional Responsibility address the situation in which an attorney is faced with the potentiality or actuality of dual roles, namely, as attorney for a client and as a witness in the client's case. We do not read those provisions as addressing the situation in which the attorney is the sole client and, thus, where the attorney is not cast in a dual role. This reading derives from the language of the disciplinary rules focusing on the question of whether a lawyer may "accept employment" or "undertak[e] employment." See footnote 3, supra. A lawyer who represents only himself in his own case cannot be viewed as either accepting or undertaking employment.

[2] The trial court also relied in part on the rule that an attorney may not sign his own writ and summons. See *Willard* v. *West Hartford,* 135 Conn. 303, 305, 63 A.2d 847 (1949); *Low* v. *Madison,* 135 Conn. 1, 6, 60 A.2d 774 (1948); *Doolittle* v. *Clark,* 47 Conn. 316, 317 (1879). In this respect, the court misperceived the record before it in the case in which Presnick was the plaintiff. Our examination of that trial court file indicates that, although Presnick signed the complaint, the action was begun by a summons signed by a different commissioner of the Superior Court, whose name is illegible and is not typewritten on the form JD-CV-1. Thus, we need not discuss whether this defect was waived by the failure of the Espositos timely to raise it. Furthermore, the cases which establish that rule do not go so far as to say that, once an attorney's action has been properly instituted by a writ and summons signed by another attorney, the plaintiff may not sign the pleadings, such as the complaint, and represent himself in trying the case.

[3] Disciplinary Rules DR 5-101 and DR 5-102 provide: "DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

"(A) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought

Our cases in which the court has cautioned that an attorney should not also be a witness are, with one exception, cases in which the attorney was acting as counsel on behalf of a client and the attorney, or his law partner, also testified as a witness for the client. See, e.g., *Lebowitz* v. *McPike,* 151 Conn. 566, 570–71, 201 A.2d 469 (1964); *Miller* v. *Urban,* 123 Conn. 331, 333, 195 A. 193 (1937); *Jennings Co., Inc.* v. *DiGenova,* 107 Conn. 491, 496–501, 141 A. 866 (1928); *Nanos* v. *Harrison,* 97 Conn. 529, 530, 117 A. 803 (1922). In none of these cases was the attorney-witness also the sole client, as in this case.[4]

Indeed, the reasons underlying the general rule prohibiting an attorney from testifying in his client's case do not apply where the attorney is the client. Those reasons have been identified by our Supreme Court in *Jennings Co., Inc.* v. *DiGenova,* supra. One reason is

---

to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

[4] It may be that the oft-quoted, unattributed proverb, "He who is his own lawyer has a fool for a client"; McNamara, Ragbag of Legal Quotations, p. 22; will apply to Presnick in these cases. Foolishness, however, has never been considered to be a basis for banishment from the counsel table.

that it is unfair to the client that his case be presented through a witness whom the trier of fact would necessarily view as interested because of the witness' zeal of advocacy and likely interest in the result of the case. Id., 497. A second reason is one of public policy: permitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role. That is the reason which Professor Wigmore believed to be "the most potent reason for the prohibition of the attorney as a witness on behalf of his client . . . . " Id., 498, citing 4 Wigmore, Evidence (2d Ed.) § 1911. "The public will be apt to think that the lawyer, whether he is an active partner in the conduct of the trial and also a material witness, or an inactive partner and a material witness, will be inclined to warp the truth in the interest of his client." *Jennings Co., Inc.* v. *DiGenova,* supra, 498–99. The third reason for the rule is "to avoid the appearance of wrongdoing." Id., 499. We do not believe that any of these reasons applies where the attorney seeks only to represent himself in his own case.

The case of *Thresher* v. *Stonington Savings Bank,* 68 Conn. 201, 206, 36 A. 38 (1896), is the sole exception in our state's jurisprudence to the line of authority which limits the general prohibitory rule to the situation in which the attorney-witness is performing a dual role as counsel for a client and as a material witness in the client's case. In *Thresher,* the plaintiff, who was an attorney, sued on a real estate contract to which he was a party. The Supreme Court found no error in the trial court's judgment in his favor. In dictum, however, the court noted that, although a "party to an action has a right to appear in court and try his own cause" despite the inconvenience it may cause in his examination as a witness; id., 206; "[i]n this case however, the party to the suit was also a practicing attorney at law; and the wholesome *rule of professional*

*etiquette* which holds the positions of trial lawyer and material witness to be incompatible, applies as well, perhaps more strongly, to a case where the trial lawyer is his own client. The violation of this rule is, unfortunately, not without precedent, but it should be discountenanced by court and bar." (Emphasis added.) Id.

We do not believe that this language of *Thresher* is currently viable law. First, it is clearly dictum, and the court did not suggest that the judgment rendered in the attorney-party's favor be set aside. Second, it refers to the rule as one merely of "professional etiquette," rather than of ethical behavior enforceable by barring the attorney from appearing pro se. Third, to the extent that the court in *Thresher* was using the phrase, "professional etiquette," as an equivalent to our current code of professional responsibility, it would not control this case because, as we noted above, the current rules regarding an attorney-witness do not reach the situation in which the attorney represents himself. Fourth, our Supreme Court has in recent years not seen fit even to comment on the fact that an attorney represented himself in simultaneous jury and court trials. See *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole,* 189 Conn. 518, 457 A.2d 656 (1983). In that case, Cole, who was an attorney of long standing, represented himself both in the trial court and in the appeal, and that fact was well known to the Justices of the Supreme Court.

There is error on each appeal, the judgments are set aside and the cases are remanded for further proceedings according to law.

In this opinion the other judges concurred.