[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before this court is whether an attorney who is prosecuting an action against his wife for vexatious litigation, malicious prosecution, libel, slander, and negligent and intentional infliction of emotional distress should be allowed to represent himself pro se when they continue to live as husband and wife.
The action itself is based on a claim by the plaintiff that the defendant obtained a restraining order against the plaintiff based on false accusations, that the defendant made false claims to the police that resulted in the defendant's arrest and in addition made other false and malicious statements about the plaintiff which resulted in damage to the plaintiff's health, reputation, economic well-being, etc. It is apparent from an examination of the civil file that the interests of the opposing parties are in conflict. CT Page 4292
The attorney for the defendant wife has moved for disqualification of the plaintiff as his own attorney, claiming that the unusual situation presented by the attorney seeking to represent himself in this case creates the appearance of impropriety, jeopardizes the attorney-client privilege and is contrary to public interest in the scrupulous administration of justice.
The plaintiff/attorney argues that he has an absolute right to represent himself in his own case and cites, Presnick v. Esposito, 8 Conn. App. 364, (1986) and Brunswick v. Inland Wetland Commission, 25 Conn. App. 543, 549 (1991) as support for this position. The court acknowledges the holdings in these two cases but they merely allow an attorney to file a pro se appearance in his own case. These cases do not stand for the proposition that all the other rules that apply to attorneys are suspended when he files an appearance in his own case.
It is well established that the court has broad discretion in determining whether an attorney should be disqualified due to conflict of interest, State v. Bunkley, 202 Conn. 629, 652
(1987). The State of Connecticut recognizes the benefits flowing from the protection of the husband and wife relationship and as a matter of public policy seeks to foster and protect that relationship. It is clear that the attorney's continued insistence on representing himself and his obligation as an attorney to vigorously pursue the claims he has made against his wife will place him in a position of conflict with his position as the defendant's husband.
A lawyer is expected to be an advocate, advisor and a negotiator. All these functions are affected in this case by the fact that he is married to and living with the defendant.
Connecticut Practice Book Rule 4.3 forbids an attorney from communicating about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer. One wonders how the attorney-plaintiff-husband could live in the same house with the defendant and not find it difficult to observe the prohibitions of this rule. This is but one example of the problems created by this situation.
In the final analysis, continued representation of himself by the plaintiff will create a situation where the administration of justice will be prejudiced.
The defendant's Motion to Disqualify is therefore, granted.
O'Keefe, J. CT Page 4293