861 So.2d 586 (2003)
Beatrice B. KAUFMAN
v.
Frances Jean CLEATON.
No. 2003-CA-0452.
Court of Appeal of Louisiana, Fourth Circuit.
October 8, 2003.
Rehearing Denied January 15, 2004.
*587 John H. Brooks, Gretna, LA, for Plaintiff/Appellee.
Brett A. Bonin, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MAX N. TOBIAS JR., and Judge LEON A. CANNIZZARO JR.).
WILLIAM H. BYRNES, III, Chief Judge.
The defendant-appellant, Frances Jean Cleaton, appeals a summary judgment rendered in favor of the plaintiff-appellee, Beatrice B. Kaufman, "vacating those title documents purportedly vesting title to the following immovable properties[[1]] in Frances Jean Cleaton Kaufman and restoring them to the possession of the plaintiff, Beatrice Kaufman ..." We reverse and remand.
The plaintiff's petition alleged that the documents recorded in the Conveyance Office of Orleans Parish purporting to transfer the title to the disputed real properties from the plaintiff to the defendant were forgeries.
The plaintiff moved for summary judgment. In support of this motion the plaintiff offered the affidavit of Noel E. Vargas, II, Notary Public, attesting to the fact that what purports to be his signature as notary on a Cash Sale from the plaintiff to the defendant for property located at 2201-03 Kraft Street is not in fact his signature and that he did not cause the document to be recorded. Mr. Vargas' affidavit also notes that David B. Kaufman's signature is not on the document in spite of the fact that the document states that he is an appealer and an intervenor; that the alleged witness signatures are not the signatures of his office personnel despite the use of their names on the document; that the Cash Sale reflects no consideration for the transfer; that the defendant did not appear before him on the date shown on the Cash Sale to execute the document; that the sale was recorded over seven *588 years after the purported date of execution; and that he had no record of the transaction in his office.
Mr. Vargas' affidavit next addresses a Dation en Paiement purportedly conveying property located at 719-721 and 717 Teche Street, and 342 Slidell Street from the plaintiff to the defendant and David B. Kaufman. Mr. Vargas avers that the act is unwitnessed and that it was not recorded until over a year after its purported date of execution; the document was not signed in his presence; he has no record of the transaction in his office; the documents were not prepared by his office; he did not record the documents; and he could not attest to the signatures of any of the parties thereto.
Mr. Vargas' affidavit then addressed a Dation en Paiement purportedly conveying property located at 2020 Farragut Street from the plaintiff to David Kaufman and Jean C. Kaufman. He avers that the act is unwitnessed; that it was not recorded until over a year after it was executed; that it was not signed in his presence; that he has no record of the transaction in his office; that the documents were not prepared in his office; that he did not record the documents; that he could not attest to the signature of any of the parties thereto; and that inconsistent legal descriptions and acquisition dates are included.
Mr. Vargas also averred that his office maintains records of all of its real estate transactions and that he had a policy of assuring that all witnesses affix their signature to a notarial act prior to filing.
The defendant in her reply brief acknowledges that Mr. Vargas' signature is a forgery. She also does not contest the fact that it was she who caused the documents to be recorded in the conveyance records. This, together with the other assertions contained in Mr. Vargas' affidavit are sufficient in the absence of countervailing evidence to warrant a decision by the court to declare the documents invalid. Therefore, the burden shifts to the defendant to offer affidavits, depositions or documents setting forth specific facts in opposition. La. C.C.P. art. 967. The defendant is not entitled to rest on the mere allegations or denial in his pleadings. Id. The fact the defendant's pleadings may be verified is not sufficient to meet the affidavit requirement of La. C.C.P. art. 967. Caston v. Centers for Psychotherapy, Inc., 619 So.2d 1140 (La.App. 4 Cir.1993). The "Verifying Affidavit" filed by the defendant making the generalized assertion that, "all of the allegations contained in her Answer and in her `Memorandum in Opposition to Beatrice Kaufman's Motion for Summary Judgment' are true and correct to the best of her information, knowledge, and belief," is not sufficient to meet the La. C.C.P. art. 967 requirements that summary judgment affidavits "set forth specific facts."
In the instant case, the defendant argues that the forgery of the notary's signature may invalidate the authentic nature of the title transfer documents, but that the documents may still be valid as acts under private signature if the signature of the plaintiff is valid, i.e., in spite of the forgeries it may still have been the intent of the plaintiff to transfer title to the properties. This inference is borne out by the documents offered by the defendant from the plaintiff's bankruptcy.
The defendant offered an uncertified copy of the plaintiff's March 2, 1999 petition for Chapter 7 bankruptcy wherein she listed no real property among her assets, from which it could be inferred that she felt that the transfers of real property out of her name that are the subject of the instant litigation were valid, i.e., that her signatures thereon were genuine.
The plaintiff raises the lack of certification of the bankruptcy documents *589 for the first time on appeal. However, plaintiff's objection to the admissibility of the documents, coming as it does for the first time on appeal, comes too late. Objections as to the admissibility of evidence may not be raised for the first time on appeal. By way of analogy see Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 15 (La.2/29/00), 755 So.2d 226, 235, fn. 4 and Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985).
Moreover, what the plaintiff did not do was offer any kind of affidavit or other evidence explaining away the implications of her bankruptcy filings.
This case is very unsettling and unsettled. The forgeries are obviously disturbing. But there is also something that needs to be explained about how the plaintiff's disclaimer of any title to real estate in her bankruptcy proceedings fits into this picture. There is the inescapable inference that there is more to these title transfers than the record currently reveals. The plaintiff's bankruptcy petition creates a genuine issue of material fact regarding the title to these properties. It was error for the trial court to conclude that the uncontested proof of forgery resolved all issues in this case. As this error alone is sufficient to warrant the reversal of the summary judgment granted by the trial court, we need not address the defendant-appellant's remaining assignments of error.
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Full property descriptions appear in the trial court judgment.