2 So.3d 598 (2009)
FRANKLIN CREDIT MANAGEMENT CORPORATION
v.
Percy GRAY, Jr.
No. 2007-CA-1433.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 2009.
Opinion Denying Rehearing February 4, 2009.
*599 Patrick D. Breeden, New Orleans, LA, for Appellant, Percy Gray, Jr.
Charles H. Heck, Jr., Dean Morris, L.L.P., Monroe, LA, for Appellee, Franklin Credit Management Corporation.
(Court composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
MAX N. TOBIAS, JR., Judge.
The defendant, Percy Gray, Jr. ("Gray"), appeals from the trial court's judgment granting summary judgment against him and in favor of the plaintiff, Franklin Credit Management Corporation ("Franklin"). For the reasons that follow, we affirm.

BACKGROUND AND PROCEDURAL HISTORY
On 1 May 1999, Gray executed a promissory note in favor of Sterling Lending Corporation ("Sterling") in the amount of $49,600.00, payable in monthly installments *600 of $537.52, with interest thereon at the rate of 11.75% per annum, until paid, secured by an act of mortgage importing a confession of judgment on immovable property at 1408-1410 Frenchman Street, New Orleans, Louisiana. The act of mortgage was filed with the Custodian of Notarial Records ("the Custodian") as Number 99-22131, and recorded as Instrument Number 513906 in the Office of the Record of Mortgages for the Parish of Orleans ("the Recorder") on 14 May 1999. Thereafter, Sterling assigned the promissory note and mortgage to First National Security Corporation ("First National"); the assignment was filed with the Custodian as Number 99-31842, and recorded as Instrument Number 521795 with the Recorder on 12 July 1999. By instrument dated 29 February 2000, First National assigned the promissory note and mortgage to Residential Mortgage Services of Texas, Inc. ("Residential"); the assignment was filed with the Custodian as Number XXXX-XXXXX, and recorded as Instrument Number 561011 with the Recorder on 25 May 2000. On 18 December 2000, HSA Residential Mortgage Services of Texas, Inc., formerly known as Residential, endorsed, assigned, and delivered to Franklin, paraphed for identification with the act of mortgage, the promissory note of 1 May 1999. This assignment was filed with the Custodian as Number XXXX-XXXXX, and recorded as Instrument Number 611899 with the Recorder on 18 July 2001.[1]
According to Franklin, Gray defaulted on the promissory note by failing to pay when due the monthly installment for 6 July 2005, and remained in default thereafter by failing to pay in full such installments, and all successive monthly installments, and other amounts due under the note and mortgage before Franklin accelerated the entire indebtedness represented by the note and mortgage. Further, Franklin averred that the amounts owed under the note and mortgage consisted of the following: (1) principal of $42,664.11; (2) interest thereon at 11.75% per annum from 6 June 2005, until paid; (3) late charges and prepayment penalties, as applicable; (4) reasonable attorney's fess not to exceed 25% of the sums due; (5) amounts advanced for (a) taxes, assessments, and maintenance of the property, (b) the protection, preservation, repair and recovery of the property, (c) the protection and preservation of the lien of the mortgage, and (d) the protection and preservation of the mortgagee's interest thereunder, including, as applicable, deferred interest and interest on all advances; and (6) costs.
On 27 January 2006, Franklin filed an executory proceeding in the district court against Gray seeking to enforce the mortgage that secured the note obligation. On 2 February 2006, the trial court signed an order of seizure and sale of the property secured by the mortgage. The writ of seizure and sale was received by the Orleans Parish Civil Sheriffs Office on 15 February 2006.
Gray filed a petition for injunctive relief on 4 May 2006. After a conference in chambers with the court on 15 May 2006, counsel submitted the matter on briefs. On 16 May 2006, the trial court granted Gray a writ of preliminary injunction, thereby upsetting the executory proceeding.
On 25 May 2006, pursuant to La. C.C.P. art. 2644, Franklin converted the matter to an ordinary proceeding. Gray filed an *601 answer and reconventional demand on 17 July 2006, averring that Franklin had wrongfully seized his property and was in violation of federal law by "pyramiding" late fees.
Franklin filed a motion for summary judgment on 30 November 2006, as to both its main demand and to Gray's reconventional demand. The matter was set for hearing on 23 February 2007.[2] In support of its motion, Franklin provided the affidavit of Kathleen Rotondo, an account manager with Franklin, attesting that: Franklin was the holder of the promissory note originally in favor of Sterling in the principal amount of $49,600.00; Gray was in default on the note by failing to pay the 6 July 2005 installment when due, and each and every installment thereafter; the last payment made by Gray and "accepted by Franklin was made on 10 August 2005; and Gray's account was consistently in arrears from 2001 through 2005. Also in support of its motion for summary judgment, Franklin attached as exhibits a "Loan History Summary" evidencing Gray's payments on the loan since its inception, in addition to copies of multiple "late notices" sent by Franklin to Gray in 2005 advising Gray of late payments due.
Gray filed a memorandum in opposition to Franklin's motion for summary judgment. Gray offered no countervailing affidavit or other contradictory evidence in opposition other than the affidavit of his lawyer in this case. Gray's lawyer's affidavit set forth his (the lawyer's) personal analysis and interpretation of the summary of Gray's loan payment history submitted by Franklin in support of its motion for summary judgment.[3]
The motion for summary judgment came for hearing on 11 May 2007. On 7 August 2007, the trial court rendered judgment against Gray and in favor of Franklin awarding to it (a) the principal amount of $42,664.11; (b) interest thereon at 11.750% per annum from 6 June 2005, until paid; (c) reasonable attorney's fees not to exceed 25% of the sums due; (d) all other attorney expenses incurred in enforcing the note and mortgage; (e) such other or additional amounts that may be owed; and (f) costs. The trial court dismissed Gray's reconventional demand.[4] From this judgment, Gray appealed.

DISCUSSION
An appellate court reviews a motion for summary judgment de novo, using the same criteria applied by a trial court to determine whether summary judgment is appropriate. Huber v. Liberty Mutual Ins. Co., 00-0679, p. 5 (La.App. 4 Cir. 2/7/01), 780 So.2d 551, 554.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and *602 that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, then no genuine issue of material fact exists. La. C.C.P. art. 966 C(2). When faced with a supported motion for summary judgment, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or with other competent evidence as provided by law, must set forth specific facts showing that a genuine issue of material fact exists for trial. La. C.C.P. art. 967; Huber, 00-0679, pp. 5-6, 780 So.2d at 554.
The current version of article 966 applicable to this case substantially changed the prior law of summary judgment. Under the prior jurisprudence, a summary judgment was not favored and was to be used only cautiously and sparingly. The pleadings and supporting documents of the mover were to be strictly scrutinized by the court, while the documents submitted by the party in opposition were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Huber, 00-0679, p. 6, 780 So.2d at 554, citing Sassone v. Elder, 626 So.2d 345 (La.1993) and Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Thus, the jurisprudential presumption against granting the summary judgment was legislatively overruled by the amendments to La. C.C.P. art. 966. The amendments now level the playing field between the parties, with the supporting documentation submitted by the parties to be scrutinized equally and the removal of the overriding presumption in favor of trial. Under the amended article, the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present competent evidence demonstrating that material factual issues remain. Once the mover has properly supported the motion for summary judgment, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Huber, 00-0679, p. 6, 780 So.2d at 554.
In the case at bar, Franklin's petition for executory process attaches the requisite documents evidencing the original promissory note, ancillary mortgage, and the various assignments as detailed above.[5] In its petition to convert the matter to an ordinary proceeding pursuant to La. C.C.P. art. 2644, Franklin asserted that it was the holder in due course of the promissory note and mortgage executed by Gray and that Gray was in default for failing to pay the 6 July 2005 installment, when due, and all subsequent installments. We find these allegations sufficient to state a cause of action upon which *603 relief can be granted.[6]
In support of its motion for summary judgment, Franklin attached the affidavit of Ms. Rotondo, an account manager with Franklin, attesting to the facts evidencing Gray's default on the note. Franklin also included documents kept in the regular course of its business further evidencing that Gray was in default on the note and mortgage. We find that the evidence submitted by Franklin in support of its motion for summary judgment was sufficient, in the absence of countervailing evidence, to warrant the trial court's granting judgment in favor of Franklin. Accordingly, pursuant to La. C.C.P. art. 967, the burden then shifted to Gray to offer affidavits, deposition testimony, or other competent evidence showing the existence of specific facts establishing a genuine issue of material fact (i.e., such as payments made on the note), which would preclude summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Huber, 00-0679, p. 6, 780 So.2d at 554. See also Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (La.App. 4th Cir.1990).
The only countervailing evidence submitted by Gray in opposition to Franklin's summary judgment motion is the affidavit of Gray's lawyer in this case, which opines the inaccuracy of the loan payment history submitted by Franklin. Significantly, no affidavit of Gray was submitted attesting that he had, in fact, made payments on the loan; no proof was presented evidencing that any payment was actually made by Gray or by someone else on his behalf.[7] Instead, Gray relied solely on his lawyer's affidavit and Franklin's payment history as proof that he was not in default.
We find that the affidavit of Gray's lawyer submitted in opposition to Franklin's motion does not constitute "competent evidence" sufficient to defeat a motion for summary judgment. Rule 3.7 of the Louisiana Supreme Court Rules of Professional Conduct prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness except under certain circumstances. It provides, in pertinent part:
(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
Thus, part of the general "advocate-witness rule" is that counsel should avoid appearing as both advocate and witness except under extraordinary circumstances. In Farrington v. Law Firm of Sessions, Fishman, 96-1486, pp. 4-5 (La.2/25/97), 687 So.2d 997, 1000, the Court, citing Presnick v. Esposito, 8 Conn. App. 364, 513 A.2d 165, 167 (1986), on remand, Esposito v. Presnick, 15 Conn. App. 654, 546 A.2d 899 (1988), discussed the rationale behind the advocate-witness rule as follows:

*604 One reason is that it is unfair to the client that his case be presented through a witness whom the trier of fact would necessarily view as interested because of the witness' zeal of advocacy and likely interest in the result of the case. A second reason is one of public policy: permitting an attorney who is trying a case also to be a witness in establishing its facts will visit on the legal profession public distrust and suspicion arising from the attorney's dual role. That is the reason which Professor Wigmore believed to be the most potent reason for the prohibition of the attorney as witness on behalf of his client. The public will be apt to think that the lawyer, whether he is an active partner in the conduct of the trial and also a material witness, or an inactive partner and a material witness, will be inclined to warp the truth to the interest of this client. The third reason for the rule is to avoid the appearance of wrongdoing.
Only a few cases in Louisiana exist where the court has been presented with extraordinary circumstances and allowed the lawyer of a party to the litigation to testify on behalf of his client. In Jordan v. Intercontinental Bulktank Corp., 621 So.2d 1141, 1148 (La.App. 1st Cir.1993), the plaintiffs lawyer was allowed to testify concerning numerous attempts to collect maintenance and cure from the defendant when no other witness was available to provide such testimony and the attorney had personal knowledge regarding the issue of nonpayment. Further, the court reasoned that to disallow the testimony of counsel would work a substantial hardship on the plaintiff. Similarly, in Nicholas v. Nicholas, 04-2176, pp. 8-9 (La.App. 1 Cir. 9/23/05), 923 So.2d 690, 695-696, the plaintiffs lawyer was allowed to testify on the plaintiff's behalf regarding the defendant's continued failure to make court-ordered payments when the plaintiff unexpectedly became ill and was unable to attend the hearing. The court allowed the representing lawyer to testify specifically because the lawyer had first-hand knowledge concerning the defendant's failure to abide by the court's order, and because to disallow the testimony would work a substantial hardship on the plaintiff. Thus, in both Jordan and Nicholas, the litigants' counsel were allowed to testify for a very limited purpose and because they were the only persons with personal knowledge available to testify.[8]
In the instant case, no showing or even suggestion has been made that Gray was unavailable, or otherwise unable, to provide affidavit evidence that he had made payments on the note and was not in default. Additionally, no showing has been made that Gray was unable to provide banking records or cancelled checks evidencing payments on the loan. Under the facts presented in this case, we find that *605 the "extraordinary circumstances" presented to the court in the cases of Jordan and Nicholas are not present for the testimony contained in the affidavit of Gray's lawyer was not based upon personal knowledge and/or did not relate to an uncontested matter or to a matter of formality. No showing is made that refusing to allow counsel's affidavit would be manifestly unfair or work a substantial hardship on Gray. Therefore, we hold that the affidavit of Gray's lawyer is not "competent evidence" sufficient to defeat Franklin's motion for summary judgment.
Apart from the affidavit of Gray's lawyer, which we disregard for the foregoing reasons, Gray relies solely on the business records of Franklin and the argument of his counsel to support his defense that he was not in default on the promissory note at the time Franklin instituted executory proceedings. In Louisiana, however, a defendant in a suit on a promissory note cannot establish payment as a defense by relying on the business records of his creditor. American Bank v. Saxena, 553 So.2d 836, 844 (La. 1989). Additionally, argument of counsel and briefs, no matter how artful, are insufficient to raise a genuine issue of material fact. Huber, 00-0679, p. 8, 780 So.2d at 555. Therefore, there being no genuine issue of material fact properly presented in this case, we affirm the trial courts granting of summary judgment in favor of Franklin and pretermit discussion on any assignment of error raised by Gray.[9]
AFFIRMED.
BONIN, J., concurs with reasons.
BONIN, J., concurs with reasons.
I respectfully concur in the result. Mr. Gray simply introduced no evidence in connection with Franklin Credit's motion which showed that there was a genuine issue of material fact whether his installment payments were current at the time of filing the foreclosure action via ordinaria in order to preclude a summary judgment. La. C.C.P. art. 966(B). His only submission was an "affidavit" based upon the business records of Franklin Credit. Such a submission is insufficient to raise a genuine issue of material fact. This is the situation addressed in American Bank v. Saxena, 553 So.2d 836, 844 (La.1989):
"[P]ayment must be specifically pleaded and proved by the litigant asserting it." [citation omitted] Although Saxena charges the bank's accounting of his CDs is inadequate, he has not provided evidence of payment on any of the five loans but admits that he depends on the bank's records to establish the payments made, all the while contending he has not been credited the full amount. "The... plea of payment is an affirmative defense, and the burden is upon the pleader to prove payment." Orleans Discount Co., Inc. v. Derbes, 170 La. 660, 662, 129 So. 121 (1930). Saxena seeks to place the burden of production on the bank and has, therefore, failed to meet the burden of proof.

(emphasis added)
Because American Bank v. Saxena so clearly controls the outcome in this matter, the discussion in the majority decision regarding the so-called "advocate-witness rule" is completely gratuitous and wholly unnecessary to the result, and I separate myself from that portion of the opinion. The "affidavit" was not competent evidence regardless of the identity or status of the "affiant". I see no good reason to climb a tree to exclude the submission *606 when it can be done simply while standing on the ground.

ON APPLICATION FOR REHEARING
PER CURIAM.
After considering the application for rehearing filed by Percy Gray, Jr., the application for rehearing is denied. We find that, according to the terms and conditions of the promissory note executed by Gray, Gray was obligated to make monthly payments in the amount of $537.52 for 20 years. If each monthly installment was paid timely when due, then the balance owed by Gray on 27 January 2006, the date the instant suit was filed, would be $43,898.05. We note that, according to the Loan History Summary submitted by Franklin in support of its motion for summary judgment, Gray made additional payments on his indebtedness. However, the record before us is devoid of competent evidence that Gray informed Franklin that these additional payments were advance payments on monthly installments. Absent such evidence that prior payments were specifically intended to cover future monthly installments, we find that Franklin properly applied these payments to reduce the principal after deducting any past due amounts of any nature owed, including past accumulated interest, if any. We further find that the extra payments Gray made did not absolve him of his obligation under the note to continue to timely pay the $537.52 monthly installments when they became due. The balance of $42,664.11 for which Franklin sued represents the principal balance due as of the date suit was filed. The variance between that amount and the $43,898.05 that would be due if Gray had made no extra payments reflects extra payments not designated as payments of installments and did not relieve Gray of his monthly obligation. The motion for summary judgment was properly granted.
APPLICATION FOR REHEARING DENIED.
NOTES
[1] Certifications of the promissory note, mortgage, and assignments by Custodian are part of the record on appeal.
[2] The hearing was continued because Gray's lawyer was recovering from illness. On 27 March 2007, counsel for Franklin filed a motion to reset the hearing, and the hearing was reset for 11 May 2007.
[3] Franklin filed a motion to strike the affidavit of Gray's lawyer, but the motion was never specifically ruled upon by the trial court.
[4] Pursuant to La. C.C.P. art. 1917, on 12 August 2007, Gray filed a motion for written reasons for judgment. The record on appeal contains no written reasons for judgment. Because on a motion for summary judgment an appellate court conducts a de novo review of the trial court record, we find written reasons are unnecessary.
[5] On appeal, Gray raises the lack of authenticity or validity of the loan documents and questions whether Franklin is a holder in due course of the promissory note with the right to pursue a cause of action against Gray. Gray's objection to the admissibility of the documents, coming as it does for the first time on appeal, is untimely. Objection as to the admissibility of evidence may not be raised for the first time on appeal. See Kaufman v. Cleaton, 03-0452, p. 4 (La.App. 4 Cir. 10/8/03), 861 So.2d 586, 588-589. Additionally we note that La. R.S. 9:4422 provides that signatures or endorsers, guarantors, and other persons whose signatures appear on or are affixed to an instrument (i.e., a promissory note) secured by a mortgage or privilege, are presumed to be genuine and no further evidence is required of those signatures for purposes of executory process.
[6] In his brief on appeal, Gray raises an exception of no cause of action, which we find has no merit.
[7] In Louisiana, the burden of proof with respect to an affirmative defense of "payment" rests with a defendant attempting to assert that the note has been paid, or the obligation extinguished. American Bank v. Saxena, 553 So.2d 836, 844 (La.1989).
[8] In Gutierrez v. Travelers Ins. Co., 358 So.2d 349 (La.App. 4th Cir.1978), the plaintiff's stepson and child of the decedent acted as plaintiff's counsel, while also testifying on her behalf as a substantial part of her case. This court, in annulling the judgment and remanding the matter for a new trial, held that as the plaintiff's lawyer was the material witness for the plaintiff, his representation was inconsistent with the clear mandate of the Code of Professional Responsibility. In Bordelon v. Safeway Ins. Co., 380 So.2d 1379, 1384 (La. App. 3rd Cir.1980), the court determined that evidence of the plaintiff's medical expenses presented through the testimony of her attorney constituted error, albeit harmless because "the facts [did] not establish the [lawyer's testimony] was so untrustworthy or questionable as to warrant its exclusion to plaintiff's detriment." In State v. Lee, 00-2516, pp. 10-11 (La.App. 4 Cir. 4/6/01), 787 So.2d 1020, 1029-1030, this court reiterated that "counsel should avoid appearing as both advocate and witness except under extraordinary circumstances."
[9] By our ruling, Franklin's motion to strike filed in this court is mooted.