780 So.2d 551 (2001)
Gabrielle HUBER
v.
LIBERTY MUTUAL INSURANCE COMPANY, American Central Insurance Company, Burnham Service Company, Inc., John Doe, and State of Louisiana, Through The Department of Transportation and Development.
No. 2000-CA-0679.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2001.
*552 Victor A. Dubuclet, III, Borrello & Dubuclet, Metairie, LA, Counsel for Defendant/Appellee.
J. Thaddeus Westholz, Hulse & Wanek, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge PLOTKIN, Judge WALTZER and Judge TOBIAS.
WALTZER, Judge.

STATEMENT OF THE CASE
Gabrielle Huber sued Burnham Service Company, Inc., its insurer, Liberty Mutual Insurance Company, its unidentified driver, the State of Louisiana, through the Department of Transportation and Development, and Huber's uninsured/underinsured motorist insurer, American Central Insurance Company. Huber sought to recover damages allegedly sustained on 21 September 1992, when the rear of her car was struck, allegedly by a Burnham delivery truck.
American Central moved for summary judgment dismissing Huber's claim for hitand-run/uninsured motorist coverage, claiming that Huber could identify the owner of the truck, and that Burnham's $2,000,000 of liability insurance removes the uninsured/underinsured motorist issue from the case. The trial court denied American Central's motion and American Central ultimately settled Huber's claim.
American Central filed an original and supplemental cross-claim against Burnham and Liberty Mutual for indemnity and, alternatively, for contribution.
On 12 August 1999, American Central filed a Motion In Limine alleging that Burnham despoiled crucial evidence which would have been unfavorable to Burnham, and sought imposition of the presumption that one of its vehicles was involved in the accident in question.
On 17 August 1999, Burnham and Liberty Mutual moved for summary judgment and sanctions against American Central. The matter was heard and, at that time, counsel for American Central raised his spoliation motion. However, when the trial court did not address that motion, counsel did not object or raise the spoliation issue by motion for new trial. At the conclusion of the hearing, the trial court granted summary judgment in favor of Burnham and Liberty Mutual, and entered judgment dismissing American Central's claim on 23 August 1999. From that judgment, *553 American Central appeals. Finding no error in the judgment rendered below, we affirm.

STATEMENT OF FACTS
In support of its motion for summary judgment, American Central submitted Huber's deposition taken 10 May 1994. Huber testified that she did not take down the truck's license number because she was not sure if she actually saw it clearly enough to write down a license plate number. She could identify the driver only as a "black man", and said that "maybe" if she saw him again, she could recognize him. She testified that following the accident, she went to the Fourth District police station in Algiers and gave a police report. Officer Warren Pope checked out an unspecified number of different truck companies whose names sounded like the name she had given him, "Burnham", and advised Huber that Burnham denied having been involved in the accident. She testified that she knew of no other witnesses to the accident.
In her successful opposition to American Central's motion, Huber contended that
the only material question which has been raised is a question of fact regarding whether anyone will be able to identify the truck which actually struck plaintiff years ago. Plaintiff attempted to identify the truck which struck her in the rear but it is obvious that Ms. Huber was uncertain if the Burnham vehicle was the same truck which struck her.... Clearly she may well have sought to identify the wrong white truck. ... Burnham drivers have consistently denied any knowledge about an accident. The deposition testimony and other discovery has not been able to establish that a Burnham vehicle was involved in any accident.
Huber's affidavit submitted in opposition to American Central's motion contains the following statements:
[I] could not see the entire truck, except for the right front portion. There was nothing which specifically identified the make or type of truck involved.... [After the impact] I got out of my vehicle and saw a truck slowly approaching from behind and assumed that it was probably the vehicle which struck me in the rear. I quickly wrote down the name which appeared on the side of the truck. I contacted the trucking company that day to see if any of their drivers had been in an accident because I was not certain that the Burnham truck is the one that struck me. Since that time Burnham has consistently denied that any of their drivers were involved in an accident and I am unable to prove which truck actually struck me.... [T]here were many trucks and vehicles on the road on the date of my accident which were merging into traffic and it is certainly possible that the driver of the truck was a witness, or that he was slowing down to look at me because I had pulled my car over to the side and come to a stop. I cannot prove or swear under oath that a Burnham truck struck me, ...
This uncertainty is supported by the Police Report dated 21 September 1992, which was based on information supplied by Huber. According to the report, the owner and driver of the vehicle were "unknown" and the only information Huber supplied was that the truck was a Mercedes having two axles and six tires. In Huber's answers to American Central's Third Set of Interrogatories, she stated, "Plaintiff was unable to identify the owner, driver, insurer, or operator of the truck at the time she reported the accident to the Police Department on the date of the accident." Discovery directed to Burnham did not disclose any accident report or incident report connected to the date of the Huber accident, no repairs were made to any of the Burnham delivery vehicles in the New Orleans area on the date of the accident, and none of the three Burnham delivery drivers on duty in the New Orleans area on 21 September 1992 had any knowledge of the accident.
*554 Huber testified that she called Burnham's local office after the accident, but did not claim that she was hit by a Burnham truck because she could not identify the truck that hit her as Burnham's. Indeed, she testified that she "may have" told the Burnham operator that the (unidentified) truck ran her off the road, but did not strike her.
These facts were the basis of Burnham's opposition to American Central's spoliation claim. Jack Phillips, Burnham's Risk Manager, gave an affidavit that after a diligent research of the company records, he determined that Burnham does not have a manifest applicable to deliveries in the Greater New Orleans area on or about the date of the accident. Absent any knowledge of a claim, Burnham would have had no reason to keep any records concerning activities on 21 September 1992.

STANDARD OF REVIEW AND BURDEN OF PROOF
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 230. Appellee's contention that the manifest error standard of review should apply is incorrect.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A. (2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
When faced with a supported motion for summary judgment, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
The amended article 966 substantially changes the law of summary judgment. Under the prior jurisprudence, summary judgment was not favored and was to be used only cautiously and sparingly. The pleadings and supporting documents of the mover were to be strictly scrutinized by the court, while the documents submitted by the party in opposition were to be treated indulgently. Any doubt was to be resolved against granting the summary judgment, and in favor of trial on the merits. Sassone v. Elder, 626 So.2d 345 (La.1993); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The jurisprudential presumption against granting the summary judgment was legislatively overruled by La.C.C.P. art. 966, as amended. The amendment levels the playing field between the parties, with the supporting documentation submitted by the parties to be scrutinized equally and the removal of the overriding presumption in favor of trial. Under the amended statute, the initial burden of proof remains with the mover to *555 show that no genuine issue of material fact exists. However, under La.C.C.P. art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the mover has properly supported the motion for summary judgment, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. The amendment to La.C.C.P. art. 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed.Rule Civ.Proc. 56(c). Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. The summary judgment law was amended by La.Acts No. 483 of 1997 to incorporate the Hayes analysis.
Under Fed.Rule Civ.Proc. 56, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. In construing the federal summary judgment rule, the United States Supreme Court held that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a defendant in an ordinary civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Id. The Anderson court further held that the mere existence of a scintilla of evidence on the non-moving party's position would be insufficient; there must be evidence on which the jury could reasonably find for that party. In Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the court held that Fed.Rule Civ.Proc. 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof. Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-53; Martello v. State Farm Fire and Cas. Co., 96-2375 (La.App. 1 Cir. 11/7/97), 702 So.2d 1179, 1183-84.
Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (La.App. 4 Cir.1990), writ denied, 572 So.2d 68 (La.1991).
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992), writ not considered, 613 So.2d 986 (La.1993).
FIRST ASSIGNMENT OF ERROR: A genuine issue of material fact exists as to whether Huber could offer sufficient testimony to support a finding of liability against Burnham and Liberty Mutual.
Our review of the record demonstrates that there is no witness who can identify Burnham as the owner of the vehicle that either struck Huber or ran her off the road (depending on which, if either, version of Huber's sworn statements a trier of fact might believe). American Central *556 has the burden of proving by a preponderance of the evidence to the trier of fact that Burnham was at fault. Absent another witness or other evidence, the mere inconsistency of Huber's statements does not support a finding that American Central could sustain this burden of proof at trial. Under the foregoing standard of proof, clearly the insurer has not produced sufficient evidence to create a genuine issue of material fact. Therefore, this assignment of error is without merit.
SECOND ASSIGNMENT OF ERROR: The trial court failed to consider the merits of American Central's Motion In Limine Concerning Spoliation.
American Central did not present any evidence to the trial court that Burnham had any reason to believe that any of its drivers or equipment had been involved in the accident in question. Absent such evidence, we cannot say that the trial court erred in failing to address the issue below. We note from the transcript of the hearing on Burnham and Liberty Mutual's motion for summary judgment that counsel for American Central did not call to the trial judge's attention the fact that he had not ruled on its Spoliation motion, leading to a reasonable conclusion that it had been abandoned. This assignment of error is without merit.

CONCLUSION AND DECREE
For the foregoing reasons, we affirm the summary judgment rendered in favor of Burnham and Liberty Mutual dismissing with prejudice the cross-claim of American Central. Costs of this appeal are assessed against the appellant, American Central.
AFFIRMED.
PLOTKIN, J., DISSENTS WITH REASONS:
The majority selectively quotes from Ms. Huber's affidavit to show Ms. Huber's inability to identify Burnham as the owner of the phantom truck, after she settled with American Central Insurance. The majority overlooks the sworn testimony of Ms. Huber's deposition, which is inconsistent with the affidavit and establishes a prima facie case for the fact finder to determine that Burnham was the owner of the truck. During her deposition, Ms. Huber described the accident, and how she pulled to the side of the road after her vehicle was struck from behind. The following dialogue took place:
A. And then I couldn't believe it, and slowly got to as far as I could because of all the construction that was going on, got over somewhere safely because I was traveling on the interstate to pull over to get out of the lane of traffic. And when I did that, the truck had slowed down. I felt he was coming behind me to stop also, but he kept going. And at this time, I could see the name of the truck on the side of the truck.
Q. What name did you see?
A. I saw Burnham. I wrote it down very quickly, Burnham.
A genuine issue of material fact remains as to whether a Burnham delivery truck struck plaintiff's vehicle on the date of the accident. I would reverse the trial court's judgment, granting summary judgment in favor of defendants, and remand the case for further proceedings. Accordingly, I respectfully dissent.