ROLAND L. BELSOME, Judge.
 

 11 Defendants-Appellants, Ninth Ward Housing Corp., Shirley Mae Diaz, Patricia Diaz, Demetrius Chantz, and Altovise B. Chantz, appeal the trial court’s grant of motion for summary judgment in favor of Plaintiff-Appellee, Mooring Financial Plan 401 (K) Profit Sharing Plan. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On May 9, 2006, Appellee, Mooring Financial Plan 401 (K) Profit Sharing Plan, filed a Petition to Quiet Tax Title.
 
 [1]
 
 The said property had accrued delinquent taxes and other costs for the years 1998, 1999, and 2000, totaling $4,495.46. On or about November 13, 2001, Appellee acquired Appellants’ property at a tax sale. A tax deed was subsequently executed to Appel-lee on July 31, 2002.
 
 [2]
 

 
 *798
 
 12Appellee filed a motion for summary-judgment on July 25, 2007, and the matter was set for hearing on October 24, 2008. At the hearing, Appellee introduced a certified copy of the tax deed into evidence. Although Appellants filed an opposition to the motion for summary judgment, Appellants were not present at the hearing. The trial court granted the motion for summary judgment, thereby confirming and quieting the title, on December 12, 2008.
 

 STANDARD OF REVIEW
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230;
 
 Grant v. American Sugar Refining, Inc.,
 
 06-1180, p. 3 (La.App. 4 Cir. 1/31/07), 952 So.2d 746, 748. Summary judgments shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 DISCUSSION
 

 Appellants assert two assignments of error on appeal: 1) the trial court erred in granting the Plaintiffs Motion for Summary Judgment; and 2) the trial court erred in its application of the Louisiana Constitution of 1974.
 

 |aIn this case, more than three years have elapsed since the date of the registry of the tax sale. Pursuant to Article VII, § 25 of the Louisiana Constitution of 1974, the title to a tax sale property may be confirmed and quieted after three years have elapsed.
 
 [3]
 
 Moreover, a certified copy of the tax deed constitutes prima facie evidence of the validity of the tax sale. La. Const. Article VII, § 25(A)(providing that “[a] tax deed by a tax collector shall be prima facie evidence that a valid sale was made”). A certified copy of the tax sale deed was introduced and filed into the record, thereby shifting the burden to Appellants to establish that any genuine issues of material fact remained.
 
 Sunset Realty, Inc. v. Antonini,
 
 36,788, p. 6 (La.App. 2 Cir. 1/29/03), 836 So.2d 1173, 1177.
 
 *799
 
 This Court has recognized that once the mover has made a prima facie showing that a motion for summary judgment should be granted, the burden shifts to the non-moving party to present competent evidence demonstrating that issues of material fact remain.
 
 Huber v. Liberty Mutual Ins. Co.,
 
 2000-0679, p. 6 (La.App. 4 Cir. 2/7/01), 780 So.2d 551, 555. If the non-moving party fails to establish evidence of a material factual dispute, the motion for summary judgment should be granted.
 
 Id.
 
 A review of the record evidences that Appellants failed to submit evidence demonstrating any alleged defects in the title.
 

 Appellants also assert that service of process was improper. This argument, however, was not raised in Appellants’ answer or in a declinatory exception. Accordingly, this objection was waived, and we are precluded from considering this argument on appeal. La. C.C.P. art. 925
 
 [4]
 
 ;
 
 see also
 
 La. C.C.P. art. 1003.
 

 | ¿CONCLUSION
 

 Under these particular facts and circumstances, the record does not reveal that a genuine issue of material fact exists to preclude summary judgment in this matter, and the trial court’s judgment must be affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The subject property is described on the tax sale deed as "SQ 834 LOT 21 TUPELO 29x100” with the municipal address of 1826 Tupelo Street.
 

 [2]
 

 . La. R.S. 47:2266(A)(1) and (2) provides as follows:
 

 (1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the
 
 *798
 
 officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.
 

 (2) The petition and citation shall be served as in ordinaiy suits; however, if a tax sale party is a nonresident of the state, is unknown, or his residence is unknown, the court shall appoint a curator ad hoc to represent him and receive service. The curator shall receive a reasonable fee for his services to be fixed by the court in each suit, which shall be taxed as costs of suit. If no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein.
 

 [3]
 

 . "The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.” La. Const. Article VII, § 25(B)(1).
 

 [4]
 

 . La. C.C.P. 925 provides as follows (emphasis added):
 

 A. The objections which may be raised through the declinatory exception include but are not limited to the following:
 

 (1) Insufficiency of citation.
 

 (2)
 
 Insufficiency of service of process,
 
 including failure to request service of citation on the defendant within the time prescribed by Article 1201(C).
 

 (3) Lis pendens.
 

 (4) Improper venue.
 

 (5) The court's lack of jurisdiction over the person of the defendant.
 

 (6) The court’s lack of jurisdiction over the subject matter of the action.
 

 B. When two or more of these objections are pleaded in the declinatory exception, they need not be pleaded in the alternative or in any particular order.
 

 C.All objections which may be raised through the declinatory exception,
 
 except the court’s lack of jurisdiction over the subject matter of the action,
 
 are waived unless pleaded therein.
 

 Moreover, although Appellants referenced the service issue in their reconventional demand, this is insufficient to preclude waiver.
 
 Mexic Bros., Inc. v. Sauviac,
 
 191 So.2d 873, 875 (La.App. 4 Cir.1966)("A reconventional demand is not, therefore an ‘exception,’ nor an 'answer,' nor an 'affirmative defense,’ which is required to be a part of the answer; but it is an incidental demand which may be incorporated into the answer.”).