STEWART, J.
 

 11 Plaintiff/Appellant, Dale Neidlinger, is appealing a summary judgment rendered in favor of the Defendants/Appellees, Caldwell Correctional Center, et al. (“defendants”). For the reasons discussed below, we affirm.
 

 FACTS
 

 On November 9, 2007, Neidlinger was booked into the Caldwell Correctional Facility. On January 17, 2008, he discovered a small blister on his right knee. His knee began to swell the following day, causing him pain and discomfort.
 

 According to the medical records, when Neidlinger woke up on January 19, 2008, he discovered a bunch of blisters on his right knee and had difficulty walking. On January 21, 2008, Neidlinger received medical attention from Nurse Buckley for what was believed to be a spider bite.
 
 *1172
 
 Nurse Buckley questioned Neidlinger as to why he waited so long to be treated, and he replied, “I thought it would get better.”
 

 On January 22, 2008, Neidlinger received additional treatment from Buckley. She drained his knee, even though she was informed that he had been cutting his knee with a razor blade to release fluid. On January 23, 2008, Neidlinger was transported to E.A. Conway in Monroe for evaluation. The doctors diagnosed his condition as a very serious infection. He was taken to surgery immediately, where fluid was drained from his knee and the infection was removed. He remained at E.A. Conway until February 12, 2008, at which time he was transported to LSU Medical Center in ^Shreveport, where they performed skin grafts to close his wounds. He was discharged on February 13, 2008.
 

 The treating physician instructed him to limit himself to minimal walking movement and advised him that Caldwell Parish Correctional Facility could meet all of his needs. He also prescribed Neidlinger pain medication and instructed him not to disturb his bandages until his next appointment on February 20, 2008, due to the skin grafts.
 

 On February 16, 2008, Neidlinger removed his own bandages. Nurse Buckley issued Neidlinger a violation for repeatedly standing and removing his bandages, which the physician prohibited. She then sent him back to E.A. Conway Hospital to have his knee rebandaged.
 

 On February 18, 2008, Nurse Buckley discovered that Neidlinger had again disturbed his bandages. The following day, she sent him to Forcht Wade Correctional Facility to treat cellulitis that had developed in his upper thigh. Neidlinger denies having ever developed cellulitis, or being treated for such.
 

 In order for the doctors to remove the entire infection, they had to remove a large portion of muscle from Neidlinger’s upper thigh. Neidlinger, who was a working supervisor of a sandblasting off-shore crew prior to being incarcerated, asserts that he will be unable to return to any job in this field due to his condition. Prior to the spider bite infection, he contends that he weighed 190 pounds and was in perfect health. He now weighs 138 pounds and depends on crutches.
 

 |sOn July 8, 2008, Neidlinger filed suit, alleging that the defendants acted negligently in the treatment of his condition. On June 29, 2009, the defendants filed a motion for summary judgment, urging that the pleadings, depositions, documentary evidence, affidavits, and the other admissible evidence show that there is no genuine issue as to any material fact and that they are entitled to summary judgment. The defendants argued that they provided adequate care to Neidlinger. Therefore, Neidlinger’s claim should be dismissed, with prejudice.
 

 In the defendants’ supplemental memorandum in support of their motion for summary judgment, they asserted that Neidlinger was supplied reasonable medical care on the first working day of the week, and that he presented no evidence to support his claim that he should have been transported to the emergency room immediately. To support this assertion, the defendants claim that Nurse Buckley provided medical assistance to Neidlinger on January 21, 2008 and January 22, 2008, and transferred him to the hospital on January 23, 2008. The defendants also asserted that she supplied pain medication, attention, and physical care to him from January 21, 2008, until he recovered, and that her decisions were always within the standard of care.
 

 On August 19, 2009, the hearing was held on the motion for summary judgment. The trial court granted the motion for summary judgment in favor of the defen
 
 *1173
 
 dants, after finding that there was no showing in the records that the defendants’ actions were unreasonable, or that the medical attention that Neidlinger received was unreasonable. Additionally, the trial |4court found that Neidlinger failed to prove that the defendants breached any duty owed to him. Neidlinger now appeals.
 

 LAW AND DISCUSSION
 

 In Neidlinger’s sole assignment of error, he argues that the trial court erred in granting summary judgment in favor of the defendants. More specifically, he alleges that he made a sufficient showing that he had not received adequate care and treatment prior to his admittance to E.A. Conway, and that the lack of care resulted in his current condition.
 

 Appellate courts review summary judgments
 
 de novo,
 
 while considering the record and all reasonable inferences drawn from the record in the light most favorable to the nonmovant.
 
 Wall v. Kelly Oil & Gas Company, Inc.,
 
 44,604 (La.App. 2 Cir. 12/21/09), 27 So.3d 1071;
 
 Hines v. Garrett,
 
 2004-0806 (La.6/25/04), 876 So.2d 764.
 

 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2).
 

 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before |Bthe court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the mover has properly supported the motion for summary judgment, the failure of the non-moving party to produce evidence of a factual dispute mandates the granting of the motion.
 
 Huber v. Liberty Mutual Ins. Co.,
 
 00-0679 (La.App. 4 Cir. 2/7/01), 780 So.2d 551.
 

 The standard of care imposed upon the Department of Corrections in providing for the medical needs of inmates is that services be reasonable.
 
 Cole v. Acadia Parish Sheriff’s Dept.,
 
 2007-1386 (La.App. 3 Cir. 11/5/08), 998 So.2d 212;
 
 Elsey v. Sheriff of Parish of East Baton Rouge,
 
 435 So.2d 1104 (La.App. 1st Cir. 1983),
 
 writ denied,
 
 440 So.2d 762 (La.1983). This duty to provide reasonable medical care for prisoners does not require the maintenance of a full hospital at the site of each prison in order to protect an inmate against every medical risk, but does encompass the risk that an inmate will become sick or be injured and require life-saving medical attention.
 
 Elsey, supra.; Moreau v. State Department of Corrections,
 
 333 So.2d 281 (La.App. 1st Cir. 1976).
 

 |fiIn the instant case, Neidlinger asserts that the Buckley’s notes, which he believes were written after he was transferred to Forcht Wade in an attempt to mislead the court, do not accurately relate what actual
 
 *1174
 
 ly happened to him prior to his admittance to the hospital. Neidlinger argues that had Nurse Buckley contacted the doctor and administered antibiotics on January 18, 2008, or January 19, 2008, and then upon seeing that his condition had not improved, transported him to the hospital on January 21, 2008, he would not be in his current condition. However, the record before this court does not contain any evidence in support of these allegations. Neidlinger merely stated his version of the facts, without the support of affidavits, depositions, or any other supporting evidence that would have been sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. We also note that Neidlinger’s exhibits, which were pictures of himself before and after the accident, fail to satisfy his burden of proof in this motion for summary judgment.
 

 Neidlinger discovered the spider bite on January 17, 2008. When he received treatment from Buckley on January 21, 2008, he admitted to her that “he thought it would get better.” We agree with the trial court’s determination that even Neid-linger didn’t believe the matter to be serious. Neidlinger was timely transported to the hospital after Buckley determined that his condition was not improving under her care.
 

 Neidlinger failed to show that there is any genuine issue of material fact for trial, or that the defendants were not entitled to judgment as a matter |7of law. The trial court appropriately granted summary judgment in favor of the defendants. Therefore, this assignment of error bears no merit.
 

 CONCLUSION
 

 We find that Neidlinger did receive adequate medical care. Accordingly, we affirm the judgment of the trial court granting the defendant’s motion for summary judgment. Costs of this appeal are assessed against Dale Neidlinger.
 

 AFFIRMED.