JAMES F. McKAY III, Judge.
pThe plaintiff, Paige E. Okpalobi, appeals the trial court’s refusal to nullify a tax sale. We affirm.
*642 FACTS AND PROCEDURAL HISTORY
On October 28, 1987, Ifeanyi C.A. Okpa-lobi and Paige Eaglin Okpalobi purchased a piece of property located at 1241-43 Elysian Fields Avenue in New Orleans. In the act of credit sale executed at the time of the purchase, the Okpalobis declared that their mailing address was 3400 St. Claude Avenue, New Orleans, Louisiana 70117. This act was recorded in the Orleans Parish Conveyance Office at Book 817, folio 262.
The Okpalobis failed to pay to the City of New Orleans the ad valorem taxes due on the property for the years 2000, 2001 and 2002. In August of 2003, the City sent a “Notice of Delinquency and Intent to Sell at Tax Sale” via certified mail to the St. Claude Avenue address. However, the Okpalobis no longer lived at this address. They had begun divorce proceedings in 2000 and were divorced on October 23, 2001. The notice explained that unless the $4,678.68 owed in taxes |2was paid in full, the property would be sold at the November 2003 tax sale. On August 21, 2003, a person named Carol Lea signed for the letter at the St. Claude Avenue address.
The City did not receive payment and the property was sold to LeBorne II, L.L.C. on November 10, 2003. The tax sale deed was recorded on February 27, 2004. LeBorne later quitclaimed its interest in the property to Orleans District Redevelopment Corporation (ODRC). During the three-year peremptive redemption period that began on February 27, 2004, no one redeemed or attempted to pay the taxes on the property.
On May 22, 2008, Ms. Okpalobi filed suit to annul the tax sale, alleging that the tax sale was a nullity because the City failed to properly notify her of the tax sale. ODRC filed an answer and a reconventional demand seeking to quiet title to the property.[1] Following discovery, the matter proceeded to trial on January 30, 2012. The parties stipulated to numerous facts and exhibits relative to the dispute. The only exhibit that ODRC did not stipulate to and in fact objected to was a typewritten letter that Ms. Okpalobi disclosed two days before trial. She contended that this letter constituted an attempt on her behalf to notify the City of a new address to which the tax bill should be sent. The trial court ruled the letter inadmissible, but allowed Ms. Okpalobi to proffer her testimony relative to the letter. On February 24, 2012, the trial court rendered judgment in favor of ODRC, |squieting title to the property. On March 1, 2012, the trial court amended its judgment to include a description of the property. Ms. Okpalobi now appeals.
DISCUSSION
On appeal, Ms. Okpalobi raises the following assignments of error: 1) the trial court erred in excluding from evidence a letter prepared by Ms. Okpalobi and delivered to the City of New Orleans Bureau of the Treasury, which specified the address at which Ms. Okpalobi requested all future notice regarding the property be sent; 2) the trial court erred by holding that the taxing authority is only required to send notice of a tax sale to the address of the tax debtor as reflected in the public records, with the mailing of such a notice being sufficient under all circumstances to result in a valid tax sale of the property sold; and 3) the trial court erred by finding that a certified mail letter sent to an address found on a document filed in the public records fifteen years previous will satisfy the due process requirements of the Constitutions of the United States and *643 Louisiana and Mennonite Bd. of Missions v. Adams[2] when the tax debtor had provided a new address to the taxing authority almost two years before the notice was mailed.
In her first assignment of error, the appellant contends that the trial court erred in excluding from evidence a letter she allegedly sent to the City of New Orleans Bureau of Treasury informing them of her change in address. A trial court’s decision excluding evidence is reviewed under the abuse of discretion standard. Cusimano v. Port Esplanade Condominium Assoc. Inc., 2010-0477 (La.App. 4 Cir. 1/12/11), 55 So.3d 931; See also La.Code of Evid. Art. 103. Therefore, a trial court’s ruling will not be disturbed unless it is clearly erroneous. Brandt v. Engle, 2000-3416 (La.6/29/01), 791 So.2d 614.
In the instant case, the appellant did not disclose the letter until the Friday afternoon before trial was to begin the following Monday. The discovery deadline had already passed and the appellant had certified on three separate occasions that all discovery was complete. Therefore, the appellee objected to the letter and the trial court did not accept it into evidence. A trial court has great discretion in deciding whether to receive evidence objected to on the grounds of failure to abide by the rules set forth in a pre-trial order or case management schedule. Palace Properties, L.L.C. v. Sizeler Hammond Square Ltd. Partnership, 2001-2812 (La.App 1 Cir. 12/30/02), 839 So.2d 82. Furthermore, the appellant offers no proof, besides her own self-serving testimony, that the letter was ever received by the City. Accordingly, we find no error or abuse of discretion in the trial court’s excluding the letter.
In her second assignment of error, the appellant contends that the trial court erred by holding that the taxing authority is only required to send notice of a tax sale to the address of the tax debtor as reflected in the public records. La. R.S. 47:2180 titled “Notice of delinquency and tax sale” mandated that notice of tax delinquency be sent to the delinquent taxpayer by certified mail, return receipt requested before immovable property can validly be sold for unpaid taxes.[3] The public records, i.e. the mortgage and conveyance records, are the primary source for tax collectors to consult when determining the proper mailing addresses for tax sale debtors. Tietjen v. City of Shreveport, 2009-2116 (La.5/11/10), 36 So.3d 192. |fiThe taxing authority must send the notice of delinquency and intent to sell to the record owner as shown by the conveyance office records. Hines v. Dance, 460 So.2d 1152, 1154 (La.App. 3 Cir.1984) citing Recker v. Dupuy, 161 La. 392, 108 So. 782 (1926). Only if the notice is returned marked “unclaimed” or “undeliverable” must the tax collector then take additional steps, including searching for other addresses, to notify the tax sale debtor of the tax sale. Lewis v. Succession of Johnson, 2005-1192 (La.4/4/06), 925 So.2d 1172, 1178.
In the instant case, the City sent the required pre-tax sale notice to the appellant at the address listed in the public records at the conveyance office. The notice was signed for and received at that address. Once the City received the executed return receipt, the City’s procedural *644 due process obligations to the tax sale debtor were satisfied and the City had no obligation to search further for the appellant.
In her third and final assignment of error, Ms. Okpalobi contends that the trial court erred by finding that a letter sent via certified mail to an address found on a document filed in the public records fifteen years previous will satisfy constitutional due process requirements. Courts have repeatedly held that a tax sale debtor’s actual receipt of the pre-tax sale notice is not required for a valid tax sale to occur. See Succession of Caldarera v. Zeno, 2009-1397 (La.App. 4 Cir. 7/16/10), 43 So.3d 1080, 1084 citing Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006); Thomas v. New Orleans Redevelopment Authority, 2004-1964 (La.App. 4 Cir. 10/6/06), 942 So.2d 1163, 1169 citing Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). The crucial issue is whether the tax sale debtor is properly given notice as opposed to properly receiving the notice. Dennis v. Vanderwater, 498 So.2d 1097, 1099 (La.App. 3 CirfL986).fi In the instant case, the pre-tax sale notice was sent to the address in the public records provided by the Ok-palobis. Accordingly, Ms. Okpalobi was properly given notice that complied with constitutional due process requirements.
CONCLUSION
A tax sale is presumed valid and the party attacking the sale bears the burden of proving its invalidity. Mooring Financial Plan 401(K) Profit Sharing Plan v. Ninth Ward Housing Corp., 2009-0327 (La.App. 4 Cir. 9/16/09) 18 So.3d 797; Giordano v. MacDonald, 98-2035 (La.App. 4 Cir. 3/10/99), 729 So.2d 760. The appellant has failed to meet this burden. Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. After Mr. Okpalobi was served with the re-conventional demand, he formally declared that he had no objection to ODRC quieting title to the property.

. 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180(1983).

. La. R.S. 47:2180, which was in effect at the time of the tax sale in the instant case, was repealed by 2008 Acts, No. 819, § 1, effective January 1, 2009 and replaced by La. R.S. 47:2153.