JAMES F. McKAY III, Chief Judge.
|TIn these consolidated cases, involving a dump truck causing a multi-vehicle accident with numerous injuries and one death, the plaintiffs appeal the trial court’s granting summary judgment in favor of the defendants, Archer Western Contractors, Ltd. and Arch Insurance Company. For the reasons that follow, we reverse the trial court’s judgment and remand this matter.
FACTS AND PROCEDURAL HISTORY
On the afternoon of April 12, 2011, Michael Lindsey was speeding along the I-610 near the Elysian Fields exit in New Orleans in an overweight dump truck owned by Barnett Trucking and loaded with clay for Archer Western Contractors, Ltd. who was building a levee as part of a U.S. Army Corps of Engineers’ hurricane protection project near Bayou Sauvage in New Orleans East. Mr. Lindsey failed to brake in sufficient time when his vehicle reached traffic stopped on the highway, slamming into several other vehicles and causing a twelve car pile-up. As a result of this accident, many individuals sustained serious injuries and one individual was killed. The police officer investigating the crash believed |2that Mr. Lindsey was speeding at seventy (70) miles per hour, when the posted speed limit was sixty (60) miles per hour. As a result of the accident, Mr. Lindsey was arrested and charged with manslaughter.
*941 The U.S. Army Corps of Engineers’ project aforementioned above was to enlarge a seven and one-half mile, long levee along Lake Pontchartrain in the Irish Bayou-Bayou Sauvage area; the project included two pump stations, four drainage structures, two flood gates and the earthen levee. Archer Western was the general contractor on the project. The Corps of Engineers contracted with Archer Western to, among other things, deliver clay to the levee site. Archer Western subcontracted that part of their contractual obligation to Hensley R. Lee Contracting, Inc. (HRL). HRL then purchased the clay from their wholly owned subsidiary, Willow Bend, an earthen pit. HRL also brokered the trucking of the clay with independent truck companies, including Barnett Trucking, who hired Mr. Lindsey to drive one of its trucks. Archer Western paid HRL for the trucking of the clay after confirming the weights of each truck’s load.
On May 20, 2011, Bridget and Jerald Wood filed a petition for damages against Michael Lindsey and Melinda Barnett d/b/a Barnett Trucking.[1] The plaintiffs filed a supplemental and amending petition, naming Archer Western as a defendant, on July 15, 2011. Before the conclusion of discovery, Archer Western | ¡¡filed a motion for summary judgment on November 12, 2013, which the plaintiffs opposed. The plaintiffs introduced the contracts between the various defendants (these showed how trucking companies were paid for the amount of each load) and affidavits which indicated that Archer Western, HRL and Willow Bend all knew the dump trucks were routinely running overweight. On May 16, 2014, the trial court granted Archer Western’s motion for summary judgment from the bench. The trial court issued its written judgment accompanied by reasons for judgment on May 28, 2014. The reasons for judgment stated: “[t]he court finds that Archer Western Contractors, Ltd. [Archer Western] owed no duty to these plaintiffs to insure that defendant, Melinda Barnett d/b/a Barnett Trucking was abiding by the weight rules imposed by the FAR [Federal Acquisition Regulations] clauses in the contract that Archer Western had with U.S. Army Corps of Engineers and the subcontract between Archer Western and HRL.” Subsequently, the trial court issued an amended judgment on June 12, 2014. It is from this judgment that the plaintiffs now appeal.
DISCUSSION
On appeal, the plaintiffs raise the following assignments of error: 1) the trial court erred as a matter of law in finding Archer Western did not owe third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations; and 2) the trial court erred as a matter of law in finding that |4the contractual agreement between Archer Western and HRL governed Archer Western’s general tort duties to third parties and by finding that the characterization of the contract as a “purchase order” rather than a “subcontract” altered the general tort duties owed to third parties by Archer Western. How *942 ever, simply put, the issue before this Court is whether the trial court erred in granting Archer Western’s motion for summary judgment.[2]
An appellate court reviews a motion for summary judgment de novo, using the same criteria applied by a trial court to determine whether summary judgment is appropriate. Huber v. Liberty Mutual Ins. Co., 00-0679, p. 5 (La.App. 4 Cir. 2/7/01), 780 So.2d 551, 554.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, then no genuine issue of material fact exists. La. C.C.P. art. 966 C(2). When faced with a supported motion for summary judgment, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by | .¡affidavits or with other competent evidence as provided by law, must set forth specific facts showing that a genuine issue of material fact exists for trial. La. C.C.P. art. 967; Huber, 00-0679, pp. 5-6, 780 So.2d at 554. If, however, the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 4 (La.App. 4 Cir.11/13/96), 684 So.2d 488, 490. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc, 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Windham v. Murray, 06-1275, p. 2 (La.App. 4 Cir. 5/30/07), 960 So.2d 328, 330.
Under Louisiana law, a contractor owes third parties a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of their contractual obligations. See Labit v. Palms Casino & Truck Stop, Inc., 2011-1552 (La.App. 4 Cir. 5/9/12), 91 So.3d 540, 547. Accordingly, the position taken by the trial court, in its original reasons for judgment, was incorrect.
In the instant case, Archer Western was the general contractor on a U.S. Army Corps of Engineers hurricane protection project and had the contractual duty to procure and transport approximately one million seven hundred fifty thousand (1,750,000) cubic yards of earthen material for the project. The earthen material was contractually required to be procured from various sites, which were pre-approved by the U.S. Army Corps of Engineers. Archer Western then subcontracted with HRL to procure the earthen material from those sites and HRL hired individual trucking companies to do the hauling. These sites were all located | fimore than a one-hour round trip away from the site of the hurricane protection project. The contracts between the general contractor and the subcontractors indi *943 cated that that the trucking companies would be paid based on the weight of each load. As stated earlier, it was alleged that it was common practice to overload these trucks and Archer Western and the other defendants were aware of this practice. The police officer who investigated the accident in this case opined that a speeding overweight dump truck created an unreasonable risk of harm to the public. Therefore, when one takes into account the distance of the sites from which the earthen material was procured from the actual work site, coupled with the fact that Archer Western was paying each truck based on the amount of its load, a genuine issue of material fact is created as to whether Archer Western’s actions or inactions were a cause in fact of the accident at issue in this case.
CONCLUSION
For the above and foregoing reasons, the trial court’s granting of summary judgment is reversed and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TOBIAS, J., concurs.

. The Wood’s lawsuit was later consolidated with the following cases: Megan Edwards v. Michael Lindsey, et al. (CDC No. 11-6074 J-05); Jacqueline Morris v. Michael Lindsey, et al. (CDC No. 11-9327 D-16); Tatiana Mouton, et al. v. Michael Lindsey, et al. (CDC No. 11-9499 L06); Olga Perdomo, et al. v. Atlantic Casualty, et al. (CDC No. 11-12753 1-14); Debra Verret, et al. v. Michael Lindsey, et al. (CDC No 12-2672 L-06); Jerry Vinett, Sr. v. Michael Lindsey, et al. (CDC No. 12-2845 F-07); Jeffrey Wood v. Michael Lindsey, et al. (CDC no. 12-2895 H-12); Raymond Joseph, et al. v. Michael Lindsey, et al. (CDC No. 12-3510 G-11); and Richard Thomas, et al. v. Michael Lindsey, et al. (CDC No. 12-3562 A-15).

. Although the appellants have raised two assignments of error gleaned from the trial court’s reasons for judgment, reasons for judgment are not the judgment itself. Therefore, we will simply address the issue of whether summary judgment was properly granted in this case. Chapital v. Harry Kelleher & Co., Inc., 13-1608, pp. 16-17 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 88.